UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

WINDERMERE SCHOOL PARTNERS, LLLP          CASE NO. 6:04-bk-03610-KSJ
WINDERMERE PREPARATORY                    CASE NO. 6:04-bk-03611-KSJ
SCHOOL, INC.                              Jointly Administered
                                          CHAPTER 11

   Debtor,

_____/

MICHAEL MOECKER, LIQUIDATING
TRUSTEE FOR THE WPS LIQUIDATING
TRUST
    Plaintiff,                    Adv. Proc. No.

v.

JANI-KING INTERNATIONAL, INC. a/k/a
JANI-KING OF ORLANDO, INC. a
foreign corporation,

   Defendant

_____/

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 547(b) and 550(a)(1)

Plaintiff, MICHAEL MOECKER, Liquidating Trustee for the WPS Liquidating Trust, ("Plaintiff"), hereby sues Defendant, JANI-KING INTERNATIONAL, INC. a/k/a JANI-KING OF ORLANDO, INC., a foreign corporation, ("Defendant"), and for his cause of action alleges as follows:

### NATURE OF ACTION

1.  This is an adversary proceeding brought pursuant to Part VII of the Rules of Bankruptcy Procedure seeking to avoid as preferences certain transfers made by the Debtor, WINDERMERE PREPARATORY SCHOOL, INC. ("Debtor"), to the Defendant

and to recover the value thereof, pursuant to 11 U.S.C. (the "Bankruptcy Code") §§547(b) and 550(a)(1).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

3.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. §157(a).

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F).

5.      Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §1409(a).

## PARTIES

6.      On March 29, 2004, ("Petition Date"), the Debtor filed a Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida.

7.      Plaintiff is the Liquidating Trustee for the WPS Liquidating Trust, created pursuant to the Debtor's Joint Liquidating Plan of Reorganization ("the Plan"), and this Court's Order Confirming Joint Plan of Reorganization entered on July 30, 2004.

8.      As part of the Plan, Moecker, on behalf of the WPS Liquidating Trust, is vested with all of the Debtor's preference avoidance actions under 11 U.S.C. §§547 and 550.  Plaintiff is authorized to bring this action on behalf of the WPS Liquidating Trust for the benefit of the creditors of the Debtor.

PREFERENCE CLAIM

9.      Within ninety (90) days prior to the Petition Date, Debtor made payment to Defendant, an unsecured creditor, in a sum of at least $18,860.00 ("the Transfers").

10.     The Transfers were transfers of an interest of the Debtor in its property.

11.     The Transfers were made by the Debtor to or for the benefit of the Defendant.

12.     The Transfers were made for and on account of antecedent debts owed by the Debtor to Defendant before the time the transfers were made.

13.     At the time of the Transfers the Debtor was insolvent.

14.     The Transfers enabled Defendant to receive more than Defendant would receive if: (a) the Debtor's cases were cases under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant received payment of its claim against the Debtor as provided under Chapter 7 of the Bankruptcy Code.

15.     The Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code §547(b) and are recoverable from Defendant pursuant to Bankruptcy Code §550(a)(1).

16.     By reason of the foregoing, Defendant is liable to Plaintiff in the principal sum of at least $18,860.00, together with interest thereon from the respective dates of payment.

17.     Plaintiff reserves the right to supplement and/or include additional claims and/or transfers to the Complaint upon further discovery.

WHEREFORE, Plaintiff prays that this Court set aside and avoid the Transfers to Defendant, provide for the recovery of the principal sum of at least $18,860.00 plus

interest for the benefit of the WPS Liquidating Trust, and enter a final money judgment against Defendant in the principal amount of at least $18,860.00, together with interest, costs and such other and further relief as is just and proper.

Dated this 11th day of October, 2005.

/s/ *Jon E. Kane*

JON E. KANE
Florida Bar Number 814202
DAVID M. LANDIS
Florida Bar Number 193094
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, FL  32802-2854
Telephone: (407) 425-9044
Facsimile:  (407) 423-2016

Attorneys for Plaintiff

H:\Kane J\WPS Liquidating Trust\Jani-King of Orlando, Inc\Complaint.doc